UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK & BOBBIE EDDY,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,<br><br>Defendants. | No. 2:18-cv-0400 KJM DB PS<br><br>ORDER |

Plaintiffs Mark Eddy and Bobbie Eddy are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On March 22, 2018, and March 23, 2018, defendants filed motions to dismiss. (ECF Nos. 16 & 20.) After plaintiffs failed to file a timely opposition or statement of non-opposition, the undersigned issued an order to show cause and continued the hearing of defendants' motions to dismiss to June 22, 2018. (ECF No. 24.)

On June 6, 2018, plaintiffs filed a response to the order to show cause. (ECF No. 25.) Plaintiffs' response reflects an understanding of their error and a promise to "do better." (Id. at 3.) Accordingly, the order to show cause will be discharged.

On June 7, 2018, plaintiffs filed an amended complaint. (ECF No. 26.) Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a

matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, the most recently filed motion to dismiss was filed on March 23, 2018. (ECF No. 20.) Plaintiffs' amended complaint was filed well passed the 21-day deadline.

Nonetheless, "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

Here, the undersigned cannot yet find that granting plaintiffs leave to amend would prejudice the opposing party, is sought in bad faith; would produce an undue delay, or would be futile. Therefore, and in light of plaintiffs' pro se status, the undersigned will construe plaintiffs' filing as a request for leave to amend and grant that request.

Accordingly, IT IS HEREBY ORDERED that:

1. The May 11, 2018 order to show cause (ECF No. 24) is discharged;

2. Plaintiffs' June 7, 2018 request for leave to amend is granted;

3. The amended complaint filed on June 7, 2018 (ECF No. 26) is deemed the operative complaint in this action;

4. Defendants shall file a response to the amended complaint within 21 days;

5. Defendants' March 22, 2018, and March 23, 2018 motions to dismiss (ECF Nos. 16 & 20) are denied without prejudice as having been rendered moot; and

////

////

6. The June 22, 2018 hearing of defendants' motions is vacated.

Dated: June 15, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/eddy0400.lta.grnt.ord